REQUESTED BY: Steven J. Mercure, Johnson County Attorney.
1. Under § 47-120, is the county board or county sheriff responsible for obtaining adequate services and supplies to furnish county prisoners with meals, washing, fuel, lights and clothing?
2. Should the cost of § 47-120 services and supplies be obtained within the annual budget of the county board or county sheriff?
1. County Sheriff.
2. County Board.
You have inquired concerning the division of responsibilities between county board and county sheriff for maintenance of county jail facilities and county prisoners under Neb.Rev.Stat. § 47-120 (1982 Cum.Supp), operative January 1, 1983. Specifically, you have asked (1) upon whom does the responsibility fall to obtain or contract for § 47-120 services and supplies, and (2) within whose budget are those expenses to be placed.
With reference to the responsibilities of the county board, § 47-120 states:
 The county board . . . shall provide proper quarters and adequate equipment for the preparation and serving of all meals furnished to all prisoners confined in the county jail. . . . The county board shall provide for all washing, fuel, lights, and clothing for prisoners. . . . Payment for all purchases shall only be made by the county board on the original invoices submitted by the sheriff.
The responsibilities of the county sheriff under § 47-120
are described as follows:
 The county sheriff shall have full charge and control of such services. . . . Supplies of every nature
entering into the furnishing of meals, washing, fuel, lights, and clothing to the prisoners confined in the county jail shall be purchased and provided, under the direction of the county sheriff. (Emphasis added.)
The county sheriff is also required to present original invoices for payment to the county board for county jail goods, supplies, and services certifying the accuracy of the invoices, that items invoiced have been received, that the items will be devoted exclusively to § 47-120 purposes, and that the price charged is reasonable and just.
1. In answer to your first inquiry, it is our opinion that § 47-120 anticipates that the county sheriff, and not the county board, has the responsibility to seek out, contract for and obtain § 47-120 services. As we view it, the only direct responsibility of the county board under 47-120
relates to providing `proper quarters' and adequate equipment for the preparation and serving of all meals to county prisoners. All other § 47-120 services and supplies are to be `purchased and provided' under the direction of the sheriff.
2. You next inquire whether § 47-120 services and supplies should be contained within the annual budget submitted by the sheriff to the county board or whether the county board should separately budget for this expense. Section47-120 does not provide guidance on this question nor have we found assistance elsewhere in the statutes.
We understand, however, that present county budget forms employed by the State Auditor's Office provide that county jail expenses such as those anticipated by § 47-120
are a budget item under the county's general fund expenditures and not under the sheriff's office budget. In the absence of any factors which compel a different conclusion and believing that uniformity of practice may be the highest goal to be achieved here, we recommend that § 47-120 expenses be treated as a county budget item. We reach this conclusion recognizing that cooperation between the county board and county sheriff on this budget item will be essential to an accurate budgeting process.
Yours truly, PAUL L. DOUGLAS Attorney General J. Kirk Brown Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General